# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GUY JUNIOR IVESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:11-cv-0331-JMS-WGH |
| | ) | |
| JOHN HOVANEC, and | ) | |
| SCOTT SIRK, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

Guy Junior Ivester ("Ivester") is a state prisoner. He alleges that he was formerly represented by the defendant attorneys in criminal proceedings in which Ivester was the defendant and that his former attorneys mishandled his defense in various ways.

For the reasons explained in this Entry, however, his complaint fails to state a claim upon which relief can be granted and the action must be dismissed.

**Discussion**

Ivester's complaint asserts claims under both 42 U.S.C. § 1983 and Indiana law. Because Ivester is a a "prisoner" as defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To state a claim under ' 1983, a plaintiff must establish the deprivation of a right secured by the Constitution or laws of the United States. *Daniels v. Williams,*

474 U.S. 327, 330-31 (1986). He also must show that the alleged deprivation was committed by a person acting under the color of state law. *Reynolds v. Jamison,* 488 F.3d 756, 764 (7th Cir. 2007). A person acts under color of state law only when exercising power Apossessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.@ *United States v. Classic,* 313 U.S. 299, 326 (1941).

Under authority established for more than a generation, the defendants did not act under color of state law when representing Ivester in the criminal proceeding, whether privately retained or paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Because there was no action Aunder color of state law@ when the defendants represented the plaintiff in an Indiana state court, there is no viable claim for relief under 42 U.S.C. ' 1983. Dismissal of the federal claim pursuant to 28 U.S.C. ' 1915A is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

This court's jurisdiction over Ivester's pendent claims under Indiana law is conferred by 28 U.S.C. § 1367(a), but in the circumstances of this case–as is the general rule when federal claims are dismissed prior to trial--the pendent state law claims will be dismissed for lack of jurisdiction. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/08/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana